**UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JS II, L.L.C., *et al.,* | ) | Case No. 07-03856 |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |

**<u>NOTICE OF MOTION</u>**

PLEASE TAKE NOTICE that on August 5, 2010, at 9:30 a.m. or as soon thereafter as

counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox in Courtroom

Number 619, 219 South Dearborn Street, Chicago, Illinois and present the attached **Final**

**Application of Jenner & Block LLP for Allowance of Compensation and Reimbursement of**

**Expenses as Counsel to the Creditors' Committee of JS II, LLC, et al.**

                                                **Creditors' Committee for JS II, et al.**

                                                BY: _____ */s/ Catherine Steege*_____
                                                              One of Its Attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
JENNER & BLOCK LLP
353 N. Clark St..
Chicago, IL 60654
Phone: (312) 222 -9350
Fax: (312) 527- 0484
csteege@jenner.com

<u>**CERTIFICATE OF SERVICE**</u>

I, Catherine Steege, certify that I caused a copy of the foregoing **Notice of Motion** and

**Final Application of Jenner & Block LLP for Allowance of Compensation and**

**Reimbursement of Expenses as Counsel to the Creditors' Committee of JS II, LLC, et al.** to

be served upon those individuals on the attached Service List by U.S. Mail on July 13, 2010.


*/s/ Catherine Steege*
Catherine Steege

**In re JS II, L.L.C, et al.**
**Case No. 07-03856**
**(Jointly Administered)**
**Service List**

**Counsel for the U.S. Trustee**
Richard Craig Friedman
Office of the U.S. Trustee
227 West Monroe Street, Suite 3350
Chicago, IL  60606
Fax:  (312) 886-5794
richard.c.friedman@usdoj.gov

**Debtors**
c/o John J. Vondran
P. O. Box 190
Winnetka, IL  60093
Fax:  (847) 411-5195
jvondran@comcast.net
gapathy@high-ridge.com

**Counsel for the Debtors**
Steven B. Towbin
Matthew A. Swanson
Shaw Gussis Fishman Glantz Wolfson &
Towbin LLC
321 North Clark Street, Suite 800
Chicago, IL  60610
Fax:  (312) 275-0569
stowbin@shawgussis.com
mswanson@shawgussis.com

**Financial Advisors to the Debtors**
Patrick Cavanaugh
Greg Apathy
High Ridge Partners
140 South Dearborn
Chicago, IL  60603
Fax:  (312) 456-5630
pcavanaugh@high-ridge.com
gapathy@high-ridge.com

**Counsel for American Chartered Bancorp.,
Inc. d/b/a American Chartered Bank**
Blanca R. Dominguez
Burke Burns & Pinelli, Ltd.
70 West Madison Street, suite 4300
Chicago, IL 60602
bdominguez@bbp-chicago.com

**Counsel for American Chartered Bank**
Mary Ann Murray
Burke Burns & Pinelli, Ltd.
70 West Madison, Suite 4300
Chicago, IL  60602
Fax:  (312) 541-8603
mmurray@bbp-chicago.com

**John Kinsella, Sid Diamond, Kinsella
Investments L.P., and the Diamond Family
Partnership LLC**
Rockney W. Hudson
Hackbarth & Hudson PC
20 North Wacker Drive, Suite 1520
Chicago, IL  60606
Fax:  (312) 609-2811
hudson@hackhud.com
mrothstein@tdrlawfirm.com
sidiamond2@aol.com
bpvkinsella@yahoo.com

**Counsel for Thomas Snitzer and the Snitzer
Family LLC**
Edward W. Feldman
Marc O. Beem
Miller Shakman & Beem LLP
180 North LaSalle Street, Suite 3600
Chicago, IL  60601
Fax:  (312) 263-3270
efeldman@millershakman.com
mbeem@millershakman.com

**Special Transactional Counsel**
John J. Vondran
P.O. Box 190
Winnetka, IL 60093
jvondran@comcast.net

**Special Counsel to the Debtors**
Michael I. Rothstein
Henry H. Hess
Tabet DiVito & Rothstein LLC
209 South LaSalle Street, 7th Floor
Chicago, IL  60604
Fax:  (312) 762-9451
mrothstein@tdrlawfirm.com
hhess@tdrlawfirm.com

**Counsel for Levenfeld Perlstein**
Richard Lauter
Levenfeld Perlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, IL  60602
Fax:  (312) 346-8434
rlauter@lplegal.com

**Counsel for the Creditors' Committee**
Timothy R. Casey
Mark S. Melickian
Drinker Biddle Gardner Carton
191 N. Wacker Drive, Ste 3700
Chicago, IL 60606
Timothy.Casey@dbr.com
Mark.Melickian@dbr.com

**Counsel for Edon**
Richard C. Jones Jr.
Jones & Jacobs
77 West Washington Street, Suite 2100
Chicago, IL  60602
Fax:  (312) 419-9114
rjones@jonesandjacobs.com

**Counsel for Moore Landscapes**
Matthew J. Cleveland
Hogan Marren, Ltd.
180 North Wacker Drive, Suite 600
Chicago, IL  60606
Fax:  (312) 946-9818
mjc@hmltd.com

**Counsel for the City of Chicago**
Mark A. Limanni
Esther Tryban Telser
City of Chicago Law Department
30 North LaSalle Street, Suite 700
Chicago, IL  60602
Fax:  (312) 744-1054
Fax:  (312) 744-6798
mlimanni@cityofchicago.org
etrybantelser@cityofchicago.org

**Counsel for FCL**
Robert A. Eiden
Barry Erlich
Richmond Breslin LLP
233 South Wacker Drive, Suite 5775
Chicago, IL  60606
Fax:  (312) 258-0977
reiden@RB-LLP.com
berlich@RB-LLP.com

**Counsel for Creditor ACME Refining**
Kenneth J. Ottaviano
Jeffrey A. Chadwick
Katten Muchin Rosenmann LLP
525 West Monroe Street
Chicago, IL  60661
Kenneth.ottaviano@kattenlaw.com
Jeffrey.chadwick@kattenlaw.com

**Counsel for Metz Baking Company**
Christopher J. Lawhorn
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO  63102
Fax:  (314) 552-8151
cjlawhorn@bryancave.com

**Counsel for Builder's Material Source**
Edward C. Eberspacher
O'Hagan Spencer, LLC
55 West Wacker Drive, Suite 1400
Chicago, IL  60601
Fax:  (312) 332-2616
teberspacher@ohaganspencer.com

**Counsel for Jose Ruiz and Sandra Ruiz**
Forrest L. Ingram
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603
foringpc@aol.com

**Counsel for South Branch, L.L.C.**
Karen R. Goodman
Shefsky & Froelich Ltd.
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
kgoodman@shefskylaw.com

**Counsel for Marta Carreira-Slabe**
David Sugar
Arnstein@Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606-3910
dsugar@arnstein.com

**Counsel for Rose Paving Co.**
Timothy W. Brink
Aaron C. Smith
Travis D. Rojakovick
Lord Bissell & Brook LLP
111 South Wacker Drive
Chicago, IL 60606
trojakov@lordbissell.com

**Counsel for M.F. Construction Contractors Company**
Brian M. Dougherty
Goldstein, Skrodzki, Russian, Nemec, and Hoff
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527
bmd@gsrnh.com

**Counsel for Watertight Exteriors, Inc.**
William R. Brodzinski
Mulherin Rehfeldt & Varchetto
211 South Wheaton Avenue
Wheaton, IL 60187
wbrodzinski@mrvlaw.com

**Four Columns**
Robert Stoval
Four Columns, Ltd.
1325 North Sandberg Terrace
Chicago, IL  60610
Fax:  (312) 664-0845
rls@fourcolumnsltd.com

**UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| JS II, L.L.C., *et al.,* | ) | Case No. 07-03856 |
| | ) | (Jointly Administered) |
| | ) | |
| | ) | Hon. Jacqueline P. Cox |
| | ) | |
| Debtors. | ) | |
| | ) | Hearing:  August 5, 2010 |
| | ) | 9:30 a.m. |

**FINAL APPLICATION OF JENNER & BLOCK LLP FOR**
**ALLOWANCE OF COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**AS COUNSEL TO THE CREDITORS COMMITTEE OF JS II, LLC, ET AL.**

Jenner & Block LLP (the "Firm"), counsel to the Creditors Committee of JS II, LLC,

et al. (the "Committee"), respectfully submits this application (the "Final Application"), pursuant

to 11 U.S.C. §§ 327, 330 and 331, the Order Authorizing the Employment and Retention of

Jenner & Block LLP as Attorneys for the Creditors Committee Pursuant to 11 U.S.C. §§1103(A)

and 1114(B)(2) (the "Retention Order"), and the Order Pursuant to Sections 105(a) and 331 of

the Bankruptcy Code Establishing Procedures for Interim Compensation and Reimbursement of

Expenses for Professionals (the "Interim Compensation Order") for: (a) final approval of the

Court's prior three Interim Fee Orders entered in the amount $205,414.00 in fees and $6,463.58

in expenses covering the time period of October 19, 2007 through October 31, 2009; and (b)

approval on a final basis of an additional $25,258.00 for the actual, reasonable, and necessary

legal services the Firm rendered to the Committee from November 1, 2009 through July 12, 2010

(the "Fee Period") and approval of reimbursement of the actual, reasonable and necessary

expenses that the Firm incurred in the amount of $1,010.83 during the Fee Period.  In further

support of this Final Application, the Firm respectfully states as follows:

**BACKGROUND**

1.      On March 5, 2007 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1330 (as amended, the "Bankruptcy Code").  JS II, L.L.C. and certain of its affiliates, debtors and debtors in possession (collectively the "Debtors") continue to manage and operate their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      The Debtors' cases are being jointly administered by the Court.

3.      The Court has jurisdiction over this Final Application pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  The statutory predicates for the relief requested herein are sections 330 and 331 of the Bankruptcy Code.

4.      On March 8, 2007, this Court entered the Interim Compensation Order.  This is the Firm's Final Application seeking allowance of compensation and reimbursement of expenses in these cases.

5.      On April 6, 2010, this Court entered the Order Confirming Debtors' Second Amended Joint Chapter 11 Plan (the "Confirmation Order").

6.      Pursuant to the Retention Order, the Interim Compensation Order and the Confirmation Order, the Firm respectfully submits this Final Application for compensation for professional services rendered and reimbursement of disbursements made in these cases during the Fee Period.

**RETENTION OF JENNER & BLOCK LLP**

7.      On November 6, 2007, the Court entered a Retention Order, which authorized the Committee to employ the Firm as attorneys for the Committee effective October 19, 2007.  The

Retention Order authorized the Committee to compensate the Firm at the Firm's hourly rates

charged for services of the type identified in the Firm's Retention Application and approved in

the Retention Order and to reimburse the Firm for actual and necessary out-of-pocket expenses

incurred, subject to application to this Court in accordance with the Bankruptcy Code, the

Federal Rules of Bankruptcy Procedure, applicable local rules, and the Interim Compensation

Order.

8.      Since October 19, 2007, the Firm has represented the Committee.

9.      The Firm performed the services for which it seeks compensation on behalf of the

Committee and not on behalf of any other person.

10.     Under Rule 2016(b), the Firm has not shared, nor agreed to share, (a) any

compensation it has received or may receive in these cases with another person or party other

than with the Firm's partners, of counsel, associates, and other employees, or (b) any

compensation another person or party has received or may receive in these cases.

### JENNER & BLOCK'S INTERIM FEE APPLICATIONS

11.     On April 17, 2008, the Firm filed its First Quarterly Fee Application covering the

time period of October 19, 2007 through March 31, 2008 in which it sought $97,735.00 in fees

and $2,940.24 in expenses. (Doc. 628).  A copy of the First Quarterly Fee Application is attached

hereto as Exhibit A.  On May 7, 2008, the Court entered an Interim Order approving the First

Quarterly Fee Application and allowing the Firm $97,735.00 in fees and $2,940.24 in expenses

(Doc. 649).

12.     On November 10, 2008, the Firm filed its Second Quarterly Fee Application

covering the time period of March 31, 2008 through October 31, 2008 in which it sought

$68,064.50 in fees and $2,351.33 in expenses. (Doc. 869).  A copy of the Second  Quarterly Fee

Application is attached hereto as Exhibit B.  On December 10, 2008, the Court entered an

Interim Order approving the Second Quarterly Fee Application and allowing the Firm

$68,038.50 in fees and $2,222.55 in expenses (Doc. 890).

13.    On November 25, 2009, the Firm filed its Third Quarterly Fee Application

covering the time period of November 1, 2008 through October 31, 2009 in which it sought

$39,640.50 in fees and $1300.79 in expenses. (Doc. 1133).  A copy of the Third Quarterly Fee

Application is attached hereto as Exhibit C.  On December 17, 2009, the Court entered an

Interim Order approving the Third Quarterly Fee Application and allowing the Firm $39,640.50

in fees and $1,300.79 in expenses (Doc. 1161).

14.    In total, for the time period of October 19, 2007 through October 31, 2009, the

Court has allowed the Firm $205,414.00 in fees and $6,463.58 in expenses on an interim basis.

The Firm seeks final approval of those prior interim fee awards.  In addition, the Court has not

yet reviewed the fees and expenses that the Firm seeks for the time period of November 1, 2009

through the filing of this Final Fee Application, the "Fee Period".  The Firm seeks final approval

of those additional fees as well.

### REASONABLE AND NECESSARY SERVICES
### RENDERED BY JENNER & BLOCK

15.    A schedule showing the name and position of each professional and

paraprofessional and the hours worked during the Fee Period and hourly billing rate during this

Fee Period is provided at the front of this Final Application.  This summary covers just the time

period of fees and expenses sought from November 1, 2009 through the filing of this Final Fee

Application.   The Interim Applications attached as Exhibits A through C contain similar

summaries for the respective time periods covered in those three Interim Applications.

16.     The Firm's fees and costs were incurred as counsel to the Creditors Committee. The Firm's fees were derived from the applicable hourly billing rates of the Firm's personnel who rendered such services.  Attached hereto as Exhibit D is a detailed itemization and description of the services that the Firm rendered during the Fee Period.  Similar detailed itemizations and descriptions are found in the Firms three interim fee applications for the time periods covered in those applications, all of which are attached hereto as exhibits and incorporated herein.  In total over the life of the case, based on the rates and the services performed, the reasonable value of such services is $229,947.00.  The Firm's attorneys and paraprofessionals expended a total of 518.0 hours working on these cases.  During the Fee Period, the reasonable value of the Firm's services was $25,258.00 and the Firm's attorneys and paraprofessionals expended a total of 58.9 hours working on these cases.  In accordance with the factors enumerated in section 330 of the Bankruptcy Code, the amount of fees requested is fair and reasonable given:  (a) the complexity of these cases, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.

17.     In addition, Exhibit D hereto: (a) identifies the individuals that rendered services in each matter; (b) describes each activity or service that each individual performed; and (c) states the number of hours (in increments of one-tenth of an hour) spent by each individual on each particular task.

### REASONABLE AND NECESSARY SERVICES RENDERED BY
### JENNER & BLOCK - CATEGORIZED BY MATTER

18.     The primary professional services that the Firm rendered during the Fee Period are described in paragraphs set forth below.

5

19.    **Matter 47454-10010  Case Administration.**
**(Fee Period (11/1/09-7/12/10):  $1,237.50;  Hours:  2.6**
**Previously Approved (10/19/07-10/31/09:  $49,054.00; Hours:  116.6)**

The Firm's work for the Committee in this category during the Fee Period consisted of

communicating with Committee regarding the status of the case.  Additionally, the Firm

reviewed the Debtors' monthly operating reports and communicated with the Committee about

these reports.  The Firm also prepared and filed a supplemental affidavit in support of the Firm's

retention as committee counsel.  The Firm reviewed the response in opposition to Mr. Ruiz's

motion to reconsider its order motion to lift the stay.  Additionally, the firm conferred with

Debtors' counsel regarding its renewed motion to extend its DIP financing arrangements.  A

description of the Firm's work during earlier fee periods is set forth in Exhibits A through C

attached hereto.

20.    **Matter 47454-10026  Claims**
**(Fee Period (11/1/09-7/12/10):  $2,382.50;  Hours:  4.4**
**Previously Approved (10/19/07-10/31/09:  $30,990.50; Hours:  65.2)**

The Firm's work during this Fee Period consisted of reviewing the Debtors' claims

analysis for purposes of assessing the distribution to creditors, reviewing the claims objections

and attending hearings on significant claims objections.  A description of the Firm's work during

earlier fee periods is set forth in Exhibits A through C attached hereto.

21.    **Matter 47454-10050  Fees**
**(Fee Period (11/1/09-7/12/10):  $8,279.50;  Hours:  28.3**
**Previously Approved (10/19/07-10/31/09:  $13,366.00; Hours:  38.8)**

The Firm's work during this Fee Period consisted of preparing the Third Quarterly Fee

Application and the Firm's Final Fee Application.  In addition, this time included time spent

preparing and filing monthly statements pursuant to the Court's Interim Compensation Order.

6

A description of the Firm's work during earlier fee periods is set forth in Exhibits A through C

attached hereto.

22.    **Matter 47454-10069  Plan.**
        **(Fee Period (11/1/09-7/12/10):  $12,339.00;  Hours:  21.7**
        **Previously Approved (10/19/07-10/31/09:  $12,845.00; Hours:  21.6)**

The Firm's work during this Fee Period consisted of monitoring the Debtors' process in

confirming a plan, negotiating with the Debtors regarding modification of the plan, reviewing the

Plan and proposed modifications, attending multiple hearings on the Plan and reviewing the

proposed confirmation order.  In addition, the Firm consulted with the Committee about the plan

process and kept them informed of what was happening.   The Firm also reviewed and

commented on the real estate purchase and option agreement.  As a result of the Firm's efforts

and those of Debtors' counsel, a Plan was confirmed for these cases.  A description of the Firm's

work during earlier fee periods is set forth in Exhibits A through C attached hereto.

23.    **Matter 47454-10085  Secured Creditors Plan.**
        **(Fee Period (11/1/09-7/12/10):  $110.00;  Hours:  110.00**
        **Previously Approved (None Previously Requested)**

The Firm's work during this Fee Period consisted of reviewing the renewed motion to

extend DIP Financing.  A description of the Firm's work during earlier fee periods is set forth in

Exhibits A through C attached hereto.

24.    **Matter 47454-10093  DIP Financing.**
        **(Fee Period (11/1/09-7/12/10):  $909.50;  Hours:  1.7**
        **Previously Approved (10/19/07-10/31/09:  $9,711.50; Hours:  14.2)**

The Firm's work during this Fee Period consisted of preparing for and attending the

hearing on DIP financing extension motion.  A description of the Firm's work during earlier fee

periods is set forth in Exhibits A through C attached hereto.

7

25.     Because of the benefits realized by the Committee, the nature of these cases, the

standing at the bar of the attorneys who rendered services, the amount of work done, the time

consumed, and the skill required, the Firm requests that it be allowed compensation for Fee

Period of $25,258.00.  In addition, it requests that the Court approve on a final basis the Court's

prior interim awards of $205,414.00 and therefore allow the Firm total final compensation of

$230,672.00.

## ACTUAL AND NECESSARY EXPENSES

26.     During this Fee Period, the Firm has disbursed, and requests reimbursement of,

the following sums for:

| | |
|---|---|
| In-City Transportation | 56.00 |
| Network Printing | 4.70 |
| Pacer Charges | 112.64 |
| Photocopy | 806.82 |
| Postage Expense | 30.67 |
| TOTAL DISBURSEMENTS | $1,010.83 |

27.     In addition, the Firm requests final approval of the $6,463.58 in reasonable and

necessary expenses previously approved by the Court on an interim basis.

28.     It is the Firm's policy to charge its clients in all areas of practice for identifiable,

non-overhead expenses incurred in connection with the client's case that would not have been

incurred except for representation of that particular client.  It is the Firm's policy to charge its

client only the amount actually incurred by the Firm in connection with such items.  Examples of

such expenses are postage, overnight mail, courier delivery, transportation, airfare, meals, and

lodging.

29.     The Firm does not charge for outgoing or incoming facsimile transmissions.

30.     Computer assisted legal research is used whenever the researcher determines that

using Westlaw or Lexis Nexis is more cost effective than using traditional (non-computer

8

assisted legal research) techniques.  The charges for Westlaw or Lexis are those actually incurred

for the client.

31.     The Firm's standard charge for photocopies for charges incurred in 2009 was $.09

per page.   As of January 1, 2010 the standard charge is $.10 per page.   The number of

photocopies is recorded automatically when the person making the copies enters the appropriate

account number into devices attached to the Firm's copy machines.

32.     The invoice attached as Exhibit D provides further information and detail

regarding the Firm's expenses.

**CONCLUSION**

33.     This Final Application covers the period from October 17, 2007 through July 12,

2010.

WHEREFORE, the Firm respectfully requests that the Court (a) grant the Firm a final allowance of compensation for reasonable and necessary professional services rendered as counsel to the Creditors Committee in the sum of $230,672.00., (b) permit reimbursement of the Firm's actual and necessary expenses incurred in the sum of $7,474.41 and (c) order that such fees and expenses be payable as administrative expenses of the Debtors' bankruptcy estates; and (d) grant such other relief as may be just.

> Respectfully submitted,
>
> Creditors Committee for JS II, et al.
>
> By:  ___/s/ Catherine Steege___
>      One of Its Attorneys

Catherine L. Steege (6183529)
Christine L. Childers (6277245)
JENNER & BLOCK LLP
353 N. Clark St.
Chicago, IL 60654
Telephone:    312-222-9350
Facsimile:    312-527-8760

Dated:  July 13, 2010