UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>J.S. II, L.L.C., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-3856<br>(Jointly Administered)<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: August 5, 2010<br>Hearing Time: 9:30 a.m. |

## NOTICE OF HEARING

**PLEASE TAKE NOTICE** that on **August 5, 2010 at 9:30 a.m.** or as soon thereafter as counsel may be heard, I shall appear before the **Honorable Jacqueline P. Cox**, U.S. Bankruptcy Court Judge, in Room 619, the courtroom usually occupied by her as a Courtroom in the U.S. Courthouse, 219 South Dearborn Street, Chicago, Illinois, or in her absence, before such other Judge who may be sitting in her place and stead and hearing motions, and shall then and there present the **Fifth and Final Application of Tabet DiVito & Rothstein LLC ("Tabet DiVito") as Special Litigation Counsel to the Debtors, for Allowance of Compensation and Reimbursement of Expenses, Limited Notice Thereof, and Related Relief ("Application")**, a copy of which is attached and herewith served upon you, and shall pray for the entry of an order in conformity with the prayer of said pleading.

**AT WHICH TIME AND PLACE** you may appear if you so see fit.

Dated: July 13, 2010

Shaw Gussis Fishman Glantz
Wolfson & Towbin LLC
321 N. Clark St., Suite 800
Chicago, IL 60610
Tel: (312) 276-1323
Fax: (312) 275-0571

{5618 APPL A0265884.DOC 2}

**CERTIFICATE OF SERVICE**

Marylynne K. Schwartz certifies that service of the above and foregoing notice was accomplished through Electronic Notice for Registrants on the following CM/ECF service list, as well as by Email on the following Email service list, on this 13th day of July 2010 upon:

/s/ *Marylynne K. Schwartz*
Marylynne K. Schwartz

## Mailing Information for Case 07-03856

### Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Charles G Albert     calbert@awm-law.com
- R Scott Alsterda     rsalsterda@uhlaw.com
- Janice A Alwin     janice@oakpointpartners.com
- Terence G Banich     tbanich@shawgussis.com, kdevries@shawgussis.com
- Elizabeth A. Bates     ebates@huckbouma.com, mtolvaysh@huckbouma.com;kryding@huckbouma.com;ccurths@huckbouma.com
- Marc O. Beem     mbeem@millershakman.com, mpadilla@millershakman.com;tlawhead@millershakman.com
- Gary I Blackman     gblackman@lplegal.com
- Timothy W Brink     timothy.brink@dlapiper.com, docketingchicago@dlapiper.com;william.guthrie@dlapiper.com
- William R. Brodzinski     wbrodzinski@mrvlaw.com
- Jeffrey A Chadwick     jeffrey.chadwick@kattenlaw.com
- Patrick A Clisham     patrickclisham@hotmail.com
- David W Cybak     cybakassoc@yahoo.com
- Blanca R Dominguez     bdominguez@bbp-chicago.com, ggurgel@bbp-chicago.com
- Brian M. Dougherty     bmd@gsrnh.com
- Barry A Erlich     berlich@rb-llp.com
- Edward W Feldman     efeldman@millershakman.com, odom@millershakman.com
- Vipin R Gandra     vipingandra@yahoo.com
- Douglas C. Giese     dgiese@howardandhoward.com, dcgiese@msn.com
- Karen R Goodman     kgoodman@shefskylaw.com, sfdocket@shefskylaw.com
- Allen J Guon     aguon@shawgussis.com, sdelamora@shawgussis.com
- Christopher J Hales     chales@bbp-chicago.com
- Christopher J Lawhorn     cjlawhorn@bryancave.com
- Colleen M Loftus     cloftus@loftusloftus.com
- Roseanne Loftus     rloftus@loftusloftus.com
- Adrian E Mazar     mazaresq@sbcglobal.net, AdrianMazar@comcast.net
- Mary Ann Murray     mmurray@bbp-chicago.com

- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Eric S. Prezant    eric.prezant@bryancave.com
- Peter J Roberts    proberts@shawgussis.com
- Travis Rojakovick    trojakovick@mayerbrown.com
- Richard A. Saldinger    rsaldinger@shawgussis.com
- Marylynne K Schwartz    mschwartz@shawgussis.com
- George J. Spathis    gspathis@shawgussis.com, bharrington@shawgussis.com
- Timothy Sprague    peraicalaw@aol.com
- Daniel L Stanner    dstanner@tdrlawfirm.com, edocket@tdrlawfirm.com
- Catherine L Steege    csteege@jenner.com, docketing@jenner.com
- Lawrence A. Stein    lstein@huckbouma.com, lkoster@huckbouma.com
- Steven B Towbin    stowbin@shawgussis.com
- Esther E Tryban Telser    etrybantelser@cityofchicago.org
- Jay Verdugo    jverdugo@peraica.com
- Greta G Weathersby    g.weathersby@pecorp.com
- James P. Ziegler    jziegler@spklaw.com

## E-mail Service List

### Counsel for the U.S. Trustee

Richard Craig Friedman
Office of the U.S. Trustee
219 South Dearborn Street, Suite 873
Chicago, IL 60604
richard.c.friedman@usdoj.gov

### Counsel for American Chartered Bank

Mary Ann Murray
Burke Burns & Pinelli, Ltd.
70 West Madison, Suite 4300
Chicago, IL 60602
mmurray@bbp-chicago.com

### Financial Advisors to the Debtors

Patrick Cavanaugh
Greg Apathy
High Ridge Partners
140 South Dearborn
Chicago, IL 60603
pcavanaugh@high-ridge.com
gapathy@high-ridge.com

### Special Counsel to the Debtors

Michael I. Rothstein
Daniel L. Stanner
Tabet DiVito & Rothstein LLC
209 South LaSalle Street, 7th Floor
Chicago, IL 60604
mrothstein@tdrlawfirm.com
dstanner@tdrlawfirm.com

### Counsel for FCL

Robert A. Eiden
Barry Erlich
Richmond Breslin LLP
233 South Wacker Drive, Suite 5775
Chicago, IL 60606
reiden@RB-LLP.com
berlich@RB-LLP.com

### Counsel for Moore

Matthew J. Cleveland
Hogan Marren, Ltd.
180 North Wacker Drive, Suite 600
Chicago, IL 60606
mjc@hmltd.com

### Counsel for Thomas Snitzer and the Snitzer Family LLC

Edward W. Feldman
Marc O. Beem
Miller Shakman & Beem LLP
180 North LaSalle Street, Suite 3600
Chicago, IL 60601
efeldman@millershakman.com
mbeem@millershakman.com

### Counsel for the Creditors' Committee

Catherine L. Steege
Christine L. Childers
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654-3456
csteege@jenner.com
cchilders@jenner.com

### Counsel for Levenfeld Perlstein

James D. Brusslan
Levenfeld Pearlstein, LLC
2 North LaSalle Street, Suite 1300
Chicago, IL 60602
jbrusslan@lplegal.com

### Counsel for Edon

Richard C. Jones Jr.
Jones & Jacobs
77 West Washington Street, Suite 2100
Chicago, IL 60602
rjones@jonesandjacobs.com

{5618 APPL A0266064.DOC}                    4

*Counsel for the City of Chicago*

Mark A. Limanni
Esther Tryban Telser
City of Chicago Law Department
30 North LaSalle Street, Suite 700
Chicago, IL 60602
mlimanni@cityofchicago.org
etrybantelser@cityofchicago.org

*Special Transactional Counsel*

John J. Vondran
P.O. Box 190
Winnetka, IL 60093
johnjvondran@gmail.com

*Legal and Financial Advisor to John Kinsella and Sid Diamond*

Rockney W. Hudson
Hackbarth & Hudson PC
20 North Wacker Drive, Suite 1520
Chicago, IL 60606
hudson@hackhud.com

Robert Stoval
Four Columns, Ltd.
1325 North Sandberg Terrace
Chicago, IL 60610
rls@fourcolumnsltd.com

*Counsel for Creditor ACME Refining*

Kenneth J. Ottaviano
Jeffrey A. Chadwick
Katten Muchin Rosenmann LLP
525 West Monroe Street
Chicago, IL 60661
kenneth.ottaviano@kattenlaw.com
jeffrey.chadwick@kattenlaw.com

*Counsel for Builder's Material Source*

Edward C. Eberspacher
O'Hagan Spencer, LLC
One East Wacker Drive, Suite 3400
Chicago, IL 60601
teberspacher@ohaganspencer.com

*Counsel for Metz Baking Company*

Christopher J. Lawhorn
Bryan Cave LLP
211 North Broadway, Suite 3600
St. Louis, MO 63102
cjlawhorn@bryancave.com

*Counsel for Jose Ruiz and Sandra Ruiz*

Forrest L. Ingram
Forrest L. Ingram, P.C.
79 West Monroe Street, Suite 900
Chicago, IL 60603
fingram@fingramlaw.com

*Counsel for American Chartered Bancorp., Inc. d/b/a American Chartered Bank*

Blanca R. Dominguez
Burke Burns & Pinelli, Ltd.
70 West Madison Street, Suite 4300
Chicago, IL 60602
bdominguez@bbp-chicago.com

*Counsel for Rose Paving Co.*

Timothy W. Brink
DLA Piper US LLP
203 North LaSalle Street, Suite 1900
Chicago, Illinois 60601-1293
timothy.brink@dlapiper.com

Sid Diamond
c/o Rockney W. Hudson
Hackbarth & Hudson PC
20 North Wacker Drive, Suite 1520
Chicago, IL 60606
sidiamond2@aol.com

John Kinsella
c/o Rockney W. Hudson
Hackbarth & Hudson PC
20 North Wacker Drive, Suite 1520
Chicago, IL 60606
bpvkinsella@yahoo.com

***Counsel for M.F. Construction Contractors Company***

Brian M. Dougherty
Goldstein, Skrodzki, Russian,
   Nemec and Hoff
835 McClintock Drive, 2nd Floor
Burr Ridge, IL 60527
bmd@gsrnh.com

***Counsel for South Branch, L.L.C.***

Karen R. Goodman
Shefsky & Froelich Ltd.
111 East Wacker Drive, Suite 2800
Chicago, IL 60601
kgoodman@shefskylaw.com

***Counsel for Watertight Exteriors, Inc.***

William R. Brodzinski
Mulherin Rehfeldt & Varchetto
211 South Wheaton Avenue
Wheaton, IL 60187
wbrodzinski@mrvlaw.com

***Counsel for Homeowners Association***

David Sugar
Arnstein & Lehr LLP
120 South Riverside Plaza, Suite 1200
Chicago, IL 60606-3910
dsugar@arnstein.com

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re<br><br>J.S. II, L.L.C., et al.,<br><br>Debtors. | Chapter 11<br><br>Case No. 07-3856<br>(Jointly Administered)<br><br>Hon. Jacqueline P. Cox<br><br>Hearing Date: August 5, 2010<br>Hearing Time: 9:30 a.m. |

**FIFTH AND FINAL FEE APPLICATION OF TABET DIVITO & ROTHSTEIN LLC AS
SPECIAL LITIGATION COUNSEL TO THE DEBTORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES,
<u>LIMITED NOTICE THEREOF, AND RELATED RELIEF</u>**

J.S. II, L.L.C., River Village I, L.L.C., River Village West, L.L.C., and KND Investments, LLC (collectively, "Debtors"), on behalf of Michael I Rothstein and the law firm of Tabet DiVito & Rothstein LLC (collectively, "Tabet DiVito"), apply to this Court pursuant to 11 U.S.C. §§ 330 and 331, Rules 2002(a)(6), (i), 2016(a), 9006(c)(1) and 9007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 5082-1 for (i) the allowance of $5,474.50 in compensation for approximately 29.8 hours of professional services rendered by Tabet DiVito as special litigation counsel to the Debtors for the period beginning August 1, 2009 through and including April 6, 2010 ("Application Period"); (ii) the reimbursement of $113.23 for actual costs incurred incident to those services; (iii) final approval of interim compensation and expense reimbursement previously applied for and awarded by this Court on an interim basis; and (iv) further notice of the hearing on this application ("Application") be waived. In support of this Application, the Debtors state as follows:

## BACKGROUND

1. On March 5, 2007 ("Petition Date"), the Debtors filed related petitions for relief under chapter 11 of the Bankruptcy Code.

2. On March 16, 2007, a committee of creditors holding unsecured claims ("Committee") was appointed to serve by the U.S. Trustee pursuant to 11 U.S.C. § 1102.

3. On April 6, 2010, the Court confirmed the Debtors' Second Amended Joint Chapter 11 Plan ("Plan"). Pursuant to the Plan, Rocky W. Hudson was appointed as the Liquidating Trustee ("Liquidating Trustee") and the Plan representative of the Debtors' consolidated estate.

4. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

## RETENTION OF TABET DIVITO

5. On March 8, 2007, the Court entered the Administrative Order Establishing Procedures For Interim Compensation And Reimbursement Of Expenses Of Professionals dated March 8, 2007 ("Compensation Order"), which governs procedures for submitting Monthly Statements by professionals. (Dkt. No. 29.) Pursuant to the Compensation Order, Tabet DiVito is eligible to receive eighty percent (80%) of its fees and one hundred percent (100%) of its expenses on a monthly basis by submitting to certain parties in interest a monthly statement detailing the fees and expenses incurred ("Monthly Statement").

6. Tabet DiVito's retention as special litigation counsel for the Debtors was approved by an order of this Court dated April 13, 2007. (Dkt. Nos. 107, 116.)

## SUMMARY AND DESCRIPTION OF PRINCIPAL ACTIVITIES BY TABET DIVITO

7. Tabet DiVito has served as special litigation counsel to the Debtors in connection with the complaint and counterclaim pending before the Circuit Court of Cook County ("State

Court") concerning, *inter alia*, the membership and management of the Debtors' limited liability companies ("State Court Litigation"). Tabet DiVito's representation of the Debtors also includes the investigation and prosecution of counterclaims against Thomas A. Snitzer and the Snitzer Family LLC ("Snitzer Parties"), including the Debtors' Objection to the Proof of Interest of the Snitzer Parties and the Debtors' Counterclaim against the Snitzer Parties ("Snitzer Litigation"). All of the services for which compensation is requested were services that, in Tabet DiVito's billing judgment, were necessarily rendered after due consideration of the expected costs and anticipated benefits of such services.

8.  In an effort to provide the Court and parties in interest with understandable information concerning the amount and nature of Tabet DiVito's services during the Application Period, and in compliance with Local Bankruptcy Rule 5082-1, Tabet DiVito has classified its services into two separate categories of services. Detailed invoices for each time category are attached as Exhibit A. The following is a general description of the tasks performed in each of Tabet DiVito's principal categories of activities:

- **Case Administration:** (Fees: $3,249.50 / Hours: 24) Services pertaining to general case administration, including, among other things: (a) participating in meetings, telephone conferences, and other activities where multiple subject matters were discussed, analyzed, or otherwise acted upon; (b) providing status reports to the Debtors and co-counsel concerning the claims against the Snitzer Parties and (c) maintaining proper file management.

- **Fee Applications:** (Fees: $2,225.00 / Hours: 5.80) Services including preparing fee applications and related documentation.

## SUMMARY OF SERVICES RENDERED BY PROFESSIONALS

9. In summary, the total compensation sought for each professional with respect to the aforementioned categories is as follows:

| Professional | Position | Hourly Rate | Billed Hours | Amount |
| --- | --- | --- | --- | --- |
| Michael I Rothstein | Member | 425.00 | 1.0 | $425.00 |
| Daniel L. Stanner | Member | 375.00 | 7.1 | $2,662.50 |
| Deborah Muehlbauer | Paralegal | 110.00 | 21.7 | $2,387.00 |

10. In evaluating this Application, this Court should consider the value of the services rendered by Tabet DiVito on behalf of the Debtors and their estates, including the nature and complexity of the issues presented, the skill required to perform the legal services properly, the customary fees charged by other professionals in these cases and in similar cases, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases, whether viewed individually or collectively, support an award of the requested compensation in full.

11. The hourly rates charged by Tabet DiVito with respect to the claims against the Snitzer Parties compare favorably with the rates charged by other Chicago metropolitan firms having attorneys and paralegals with similar experience and expertise as the Tabet DiVito professionals. Further, the amount of time spent by Tabet DiVito with respect to the claims against the Snitzer Parties is reasonable given the difficulty of the issues presented, the time constraints imposed by the circumstances, the amounts at stake, the sophistication and experience of opposing counsel, and the ultimate benefit to the estate.

12. Tabet DiVito has conscientiously attempted to avoid having multiple attorneys appear or convene on behalf of the Debtors. In certain circumstances, however, it was necessary for more than one Tabet DiVito attorney to perform certain tasks at the same time. When

possible, Tabet DiVito would have one attorney handle multiple matters. Similarly, on certain occasions, Tabet DiVito had more than one attorney attend a meeting to strategize on issues that had particular import on multiple areas of the claims against the Snitzer Parties. To the greatest extent possible, meetings, court appearances, negotiations, and other matters were handled on an individual basis.

13. The issues associated with the claims against the Snitzer Parties have been legally and factually complex, and the amounts at stake significant. Given the criteria set forth in 11 U.S.C. § 330, namely (i) the nature, extent and value of the services; (ii) the time spent; (iii) the rates charged for such services; (iv) the performance of the services within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue or task addressed; and (v) the reasonableness of the services based on the compensation charged by comparably skilled practitioners in other bankruptcy and non-bankruptcy matters, Tabet DiVito respectfully submits that the requested compensation represents a fair and reasonable amount that should be allowed in full.

## EXPENSES

14. The actual and necessary costs expended by Tabet DiVito during the Application Period are detailed in the attached appendices. A summary of all expenses in the Application Period is attached hereto as Exhibit B. The requested reimbursement amount for expenses incurred is $113.23. All of the expenses for which reimbursement is sought are expenses that Tabet DiVito customarily recoups from all of its clients.

15. The specific expenses incurred during the Application Period for which reimbursement is requested are as follows:

| Category | Amount |
| --- | --- |
| Photocopy | $174.00 |
| Credit for Process Server Services | ($66.19) |
| Online Docketing and Documents (PACER) | $4.72 |
| TOTAL: | $113.23 |

16. <u>Legal Research Charges (PACER)</u>: Tabet DiVito uses PACER to monitor docket activity and obtain documents filed with the Court without the necessity of a trip to the courthouse. Tabet DiVito makes no profit on PACER expenses.

17. <u>Photocopy</u>: Photocopy charges include internal and outsourced copies. Generally, Tabet DiVito makes all copies internally. All internal copies are billed at a rate of $0.10 per page. Tabet DiVito maintains a record of copy charges, which requires the operator to input a client's billing code. Where a large copy job may be more efficiently conducted by an outside copying service, Tabet DiVito charges the actual costs for expenses incurred. Outsourced copying services may include binding or color copying.

18. All expenses incurred by Tabet DiVito were ordinary and necessary expenses. All expenses billed to the Debtors were billed in the same manner as Tabet DiVito bills non-bankruptcy clients. Further, the expenses for which reimbursement is sought constitute the types and amounts previously allowed by bankruptcy judges in this and other districts.

## PAYMENTS RECEIVED BY TABET DIVITO TO DATE

19. To date, Tabet DiVito has received no payments toward fees and expenses incurred during the Application Period.

20. Tabet DiVito received no objection to the Monthly Statements for the period beginning August 1, 2009 through and including April 6, 2010.

21. Since the Petition Date, Tabet DiVito has been allowed $333,690.73 in fees and expenses on an interim basis in connection with Tabet DiVito's four interim fee applications (the "Previously Allowed Fees and Expenses") (Dkt. Nos. 527, 747, 853, and 1059).

22. Since the Petition Date, Tabet DiVito has received $311,834.49 in payment from the Debtors.

## COMPLIANCE WITH 11 U.S.C. § 504

23. Other than as provided for and allowed by 11 U.S.C. § 504, there is no agreement between Tabet DiVito and any other firm, person or entity for the sharing of division of any compensation paid or payable to Tabet DiVito.

## NOTICE

24. Notice of this Application has been provided to the Debtors, the U.S. Trustee, and other parties requesting notice in these cases. Notice of the hearing on this Application has also been provided to all creditors with allowed claims. Based on the extent of notice already provided, and the costs and burdens of transmitting notice to all of the Debtors' creditors, Tabet DiVito respectfully requests that additional notice of the hearing on this Application be waived for good cause shown pursuant to Rules 2006(a), 2002(i), and 9007 of the Federal Rules of Bankruptcy Procedure.

WHEREFORE, Tabet DiVito requests the entry of an order, substantially in the form attached hereto, that:

a) Allows Tabet DiVito $5,474.50 in final compensation for the Application Period;

b) Allows Tabet DiVito $113.23 in final expense reimbursement for the Application Period;

c) Authorizes and directs the Debtors to pay Tabet DiVito $27,443.97, reflecting the actual balance due after credit for payments received by Tabet DiVito pursuant to the Monthly Statements under the Retention Order;

d) Approves on a final basis all Previously Allowed Fees and Expenses awarded by this Court on an interim basis;

e) Waives other and further notice of the hearing with respect to this Application; and

f) Provides Tabet DiVito with such additional relief as may be appropriate and just under the circumstances.

Respectfully submitted,

Tabet DiVito & Rothstein LLC.

Dated: July 13, 2010

By: /s/ *Daniel L. Stanner*

Daniel L. Stanner
Tabet DiVito & Rothstein LLC
The Rookery Building
209 South LaSalle St., 7th Floor
Chicago, Illinois 60604
Tel: (312) 762-9461
Fax: (312) 762-9451
email: dstanner@tdrlawfirm.com

Special Litigation Counsel to the Debtors

{5618 APPL A0265884.DOC 2}    14