UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re | Chapter 11 |
|---|---|
| J.S. II, L.L.C., et al., | Case No. 07-3856 (Jointly Administered) |
| Debtors. | Hon. Jacqueline P. Cox |

## CITATION TO DISCOVER ASSETS

TO:     Anthony J. Peraica.
        5130 S. Archer Ave.
        Chicago, IL 60632

**YOU ARE COMMANDED** to appear at **Shaw Gussis Fishman Glantz Wolfson & Towbin LLC, 321 N. Clark Street, Suite 800, Chicago, Illinois**, on **January 27, 2011, at 2:30 p.m.**, to be examined under oath to discover assets or income not exempt from the enforcement of the judgment.

A judgment against Jose Ruiz, Sandra Ruiz, Anthony J. Peraica, Anthony J. Peraica & Associates, Ltd. and Jay Joseph Verdugo, jointly and severally, (the "Judgment Debtors") was entered on December 22, 2010, and $32,178.01 remains unsatisfied.

**YOU ARE COMMANDED** to produce at the examination (See Exhibit A attached hereto and incorporated herein by this reference) and all books, papers or records in your possession or control which may contain information concerning the property or income of, or indebtedness due the Judgment Debtors.

**YOU ARE PROHIBITED**, pursuant to Federal Rule of Civil Procedure 69 and Section 2-1402 of the Illinois Code of Civil Procedure, from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the Judgment Debtors or to which the Judgment Debtors may be entitled or which may be acquired by or become due to the Judgment Debtors and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the Judgment Debtors, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

**WARNING: YOUR FAILURE TO APPEAR AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT IN JAIL.**

{5618 CIT A0281953.DOC}

## CERTIFICATE OF ATTORNEY OR NON-ATTORNEY

Note: This citation must be accompanied at the time of service by either a copy of the underlying judgment or a certification by either the clerk that entered the judgment or the attorney for the judgment creditor setting forth:

1. Judgment in the amount of $32,178.01. A copy of the judgment is attached as <u>Exhibit B.</u>
2. Name of the Court: United States Bankruptcy Court, Northern District of Illinois
3. Case No. 07 B 3856

I, the undersigned, certify under penalties as provided by law pursuant to 735 ILCS 5/1-109 to the Court that the following information is true.

_____
(Signature of Attorney)

**Name:** Allen J. Guon
**Address:** Shaw Gussis Fishman Glantz
    Wolfson & Towbin LLC
321 N. Clark St., Ste. 800
**City, State, Zip:** Chicago, IL 60654
**Telephone:** (312) 541-0151

WITNESS_____, 2011

__**Kenneth S. Gardner**__
Clerk    of    the    Court

_____
Deputy Clerk

This is to certify that the within and attached document is a full, true and correct copy of the original thereof as the same appears on file in the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois.

KENNETH S. GARDNER
CLERK OF COURT
By _____
Deputy Clerk
Dated 1-13-2011

{5618 CIT A0281953.DOC}

## EXHIBIT A — RIDER TO CITATION TO DISCOVER ASSETS

You are commanded to produce at the citation examination and any all documents in your possession or control that reflect the following:

1.    All federal and state tax returns filed by or on behalf of Anthony J. Peraica & Associates, Ltd. ("Judgment Debtor") for the year 2009 or the most recent year for which returns were prepared.

2.    All documents that refer to, relate to, evidence, reflect or constitute financial statements (including monthly, quarterly and annual), whether draft and final, audited or unaudited, for the Judgment Debtor for the year 2010 through the present.

3.    All documents that refer to, relate to, evidence, reflect or constitute any interest owned by the Judgment Debtor in any real property (land and the buildings affixed thereto), or in which the Judgment Debtor has any interest, including but not limited to deeds, title insurance policies, abstracts or title, mortgage payment records, mortgage coupons for past, present or future payments, trust deeds, deeds in trust, trustee's deeds, surveys and appraisals.

4.    All documents that refer to, relate to, evidence, reflect or constitute any deposit of money in the name of the Judgment Debtor or in which the Judgment Debtor has any interest, whether the Judgment Debtor's name(s) are specified or not, whether held solely or in the form of co-ownership with another (such as joint tenancy), including any accounts for which the Judgment Debtor has authority to sign, at any bank, savings and loan association, mutual fund, credit union or other financial institution, whether in the form of checking accounts, savings accounts, certificates of deposits, mutual fund accounts, and including such documents as passbooks or certificate of deposit books, and specifically including for the period 2010 to the present all statements indicating all deposits to and all withdrawals from, by way of check or otherwise, any such account and documents evidencing all deposits and all withdrawals shown in each statement (such as deposits slips, checks, canceled checks and advices or other documents evidencing electronic transfers) for any such account.

5.    All documents that refer to, relate to, evidence, reflect or constitute any safe deposit box maintained in the name of the Judgment Debtor or in the name of another for the Judgment Debtor's use or benefit, whether the Judgment Debtor's name is specified with respect thereto or not, and whether maintained solely in the Judgment Debtor's name or is in the form of co-ownership with another (such as joint tenancy), including all records reflecting the current or past contents of such safe deposit boxes since opened.

6.    All documents that refer to, relate to, evidence, reflect or constitute any stocks, bonds, debentures, options, promissory notes, other obligations or "securities" as defined in the Illinois statutes owned by the Judgment Debtor or in which the Judgment Debtor has any interest, or owned in the name of another for one or more of the Judgment Debtor's benefit, including but not limited to originals and copies of stock certificates, confirmation advices, correspondence, statements or other records of dealings with stock brokerage agents, or similar agents, and bond coupons.

{5618 CIT A0281953.DOC}

7. All documents that refer to, relate to, evidence, reflect or constitute the Judgment Debtor's ownership of or interest in personal property and information related to the value thereof, the present location thereof, and the insurance thereon, including but not limited to bills of lading, warehouse receipts, negotiable or non-negotiable orders for delivery of goods, documents of title to titled vehicles such as automobiles, and records of ownership of any other vehicles such as boats, airplanes, office equipment and furniture of all types, including all documents reflecting any encumbrances on the titles to the foregoing, such as liens, and records of payments of loans with respect thereto, cash promissory notes, accounts receivable, contracts, claims of any type, lawsuits, jewelry, gold, coin collections, and precious metals.

8. All documents that refer to, relate to, evidence, reflect or constitute the Judgment Debtor's ownership of the beneficial interest, or any portion of the beneficial interest, under any land trust, whether in the Judgment Debtor's name or in the name of another held for the Judgment Debtor's benefit.

9. All documents that refer to, relate to, evidence, reflect or constitute the interest of the Judgment Debtor as a beneficiary under any trust, or as a grantor or trustee under any trust.

10. All documents that refer to, relate to, evidence, reflect or constitute indebtedness due or to become due the Judgment Debtor from any third person or entity, including but not limited to accounts receivable, and also including promissory notes and other loan documents and a list identifying the names and addresses of and amounts owned by each person or entity who is so indebted.

11. All documents that refer to, relate to, evidence, reflect or constitute income of any kind or nature to which the Judgment Debtor is entitled, including but not limited to rental income, dividends, royalties, wages, salaries, draws or distributions and contract retainages.

12. All documents that refer to, relate to, evidence, reflect or constitute the Judgment Debtor's interest in any insurance policies, either as the insured or as a beneficiary thereunder, and the Judgment Debtor's interest in any annuities, or similar forms of contracts, either as an insured or as a beneficiary thereunder.

13. All documents that refer to or evidence the sale, transfer, assignment or disposition of property, including both personal and real property, and both tangible and intangible property, by the Judgment Debtor to any person or entity at any time between January 1, 2006 and the present.

14. All documents that refer to, relate to, evidence, reflect or constitute assets owned or controlled by the Judgment Debtor at any time between January 1, 2010 and the present.

15. All documents that refer to, relate to, evidence, reflect or constitute liabilities, payables or indebtedness owed to the Judgment Debtor at any time between January 1, 2010 and the present.

   16. All documents that refer to, relate to, evidence, reflect or constitute payments made by the Judgment Debtor to any person or entity at any time between January 1, 2010 and the present, including bank statements, ledgers, wire instructions, receipts, confirmations and cancelled checks.

   17. All documents that refer to, relate to, evidence, reflect or constitute interests in any corporation, partnership, limited partnership or limited liability company owned or controlled by the Judgment Debtor at any time between January 1, 2010 and the present.

   18. All documents that refer to or evidence the sale, transfer, or disposition property, both personal and real, tangible and intangible, by the Judgment Debtor to any person or entity at any time between January 1, 2010 and the present.

   19. All documents that refer to, relate to, evidence, reflect or constitute any obligation, amount payable or amount due and owing to Judgment Debtor at any time between January 1, 2010 and the present.

UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re | Chapter 11 |
|---|---|
| J.S. II, L.L.C., et al., | Case No. 07-3856 (Jointly Administered) |
| Debtors. | Hon. Jacqueline P. Cox |

### CITATION NOTICE

| Judgment Debtor's Last Known Address: | | Judgment Creditor/Creditor's Attorney: | |
|---|---|---|---|
| Name and Address: | Anthony J. Peraica<br>5130 S. Archer Ave.<br>Chicago, IL  60632 | Name and Address: | Allen J. Guon<br>Shaw Gussis Fishman Glantz<br>Wolfson & Towbin LLC<br>321 N. Clark St., Suite 800<br>Chicago, IL  60654 |

Judgment in the amount of :           $32,178.01
Name of person receiving citation:    Anthony J. Peraica
Date and time of citation:            January 27, 2011 at 2:30 p.m.

NOTICE: The court has issued a citation against the person named above. The citation directs that person to appear in court to be examined for the purpose of allowing the judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The citation was issued on the basis of a judgment against the judgment debtor in favor of the judgment creditor in the amount stated above. On or after the court date stated above, the court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied toward the judgment is limited by federal and Illinois law. The JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE:

1. Under Illinois or federal law, the exemptions of personal property owned by the debtor include the debtor's equity interest, not to exceed $4,000 in value, in any personal property as chosen by the debtor; Social Security and SSI benefits; public assistance benefits; unemployment compensation benefits; worker's compensation benefits;

veteran's benefits; circuit breaker property tax relief benefits; the debtor's equity interest, not to exceed $2,400 in value, in any one motor vehicle, and the debtor's equity interest, not to exceed $1,500 in value, in any implements, professional books, or tools of the trade of the debtor.

2. Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $15,000, which homestead is exempt from judgment.

3. Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage, or, under a wage deduction summons served on or after January 1, 2006, the Illinois minimum hourly wage, whichever is greater.

4. Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.

5. Pension and retirement benefits and refunds may be claimed as exempt under Illinois law.

The judgment debtor may have other possible exemptions under the law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the clerk in writing at the office of the Clerk of the United States Bankruptcy Court for the Northern District of Illinois, Room 710, Dirksen Building, 219 S. Dearborn St., Chicago, IL 60604. When so notified, the Clerk of the United States Bankruptcy Court will obtain a prompt hearing date from the court and will provide the necessary forms that must be prepared by the judgment debtor or the attorney for the judgment debtor and sent to the judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.

<u>This notice may be sent by regular first class mail.</u>

{5618 CIT A0281953.DOC}

# EXHIBIT B

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| J.S. II, L.L.C., et al., | ) | Case No. 07 B 3856 |
| | ) | (Jointly Administered) |
| Debtors. | ) | Judge Jacqueline P. Cox |

## ORDER GRANTING THE LIQUIDATING TRUSTEE'S MOTION TO AMEND SANCTIONS ORDER

Upon consideration of the Liquidating Trustee's Motion To Amend Sanctions Order And Enter Judgment Against Jose Ruiz ("Jose"), Sandra Ruiz ("Sandra," and together with Jose, the "Ruizes"), and their attorneys, Anthony J. Peraica, Jay Joseph Verdugo and the law firm of Anthony J. Peraica & Associates, Ltd. (Collectively, the "Attorneys"), Jointly and Severally, for Attorneys' Fees and Expenses Incurred to Enforce Automatic Stay[1], requesting the entry of an order (I) amending the Amended Order on Motion to Enforce Automatic Stay dated April 9, 2010 ("Sanctions Order") to provide joint and several liability against the Ruizes and the Attorneys in an amount not less than $32,178.01 for reimbursement of the Debtors and the Liquidating Trustee's attorneys' fees and expenses incurred in enforcing the automatic stay and (ii) entering final judgment against the Ruizes and the Attorneys; and due and proper notice having been given; and no further notice being required; and after due deliberation and sufficient cause appearing there;

**THE COURT FINDS** that:

A.  The Liquidating Trustee is entitled to reimburse of his attorneys' fees and expenses and punitive damages as a result of the Ruizes' and the Attorneys' willful violation of the automatic stay pursuant to 11 U.S.C. §§ 105(a) and 362(k).

---

[1] Terms not defined herein shall have the meanings ascribed to them in the Motion.

B.  The Debtors and the Liquidating Trustee have incurred $31,757.50 in attorneys' fees and $420.51 in expenses in enforcing the automatic stay, responding to the Reconsideration Motion and responding to the Appeal from December 2, 2009 through and including July 26, 2010.

C.  The Ruizes and their attorneys are collectively responsible for injuring the estate by causing it to incur attorneys' fees and expenses unnecessarily.

D.  The actions of the Ruizes and their attorneys are responsible for multiplying the costs of litigation herein.

E.  The orders entered herein on April 1, 2010; April 9, 2010; and June 16, 2010 are not final orders as the issue of sanctions was to be ruled on at a later time. For that reason Federal Rule of Bankruptcy Procedure 9023 does not apply.

**THE COURT HEREBY ORDERS:**

1.  The Motion is granted.

2.  The Sanctions Order and the Reconsideration Order are amended to the extent set forth herein.

3.  Jose Ruiz, Sandra Ruiz, Jay Joseph Verdugo, Anthony J. Peraica and The Law Firm of Anthony J. Peraica & Associates Ltd. are ordered, jointly and severally, to reimburse the Liquidating Trustee for the attorneys' fees and costs incurred in seeking in enforcing the automatic stay, responding to the Reconsideration Motion and litigating the Appeal.

4.  The Ruizes and the Attorneys shall pay to the Liquidating Trustee the amount of $32,178.01, representing the attorneys' fees and expenses incurred from December 2, 2009 through and including July 26, 2010, within ten (10) of the entry of this order.

Dated:  December 22, 2010               ENTERED:

                                        *Jacqueline P. Cox*
                                        J. Cox

                                        Jacqueline P. Cox
                                        **United States Bankruptcy Judge**